# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
AAR Airlift Group, Inc. ) ASBCA No. 59708
)
Under Contract No. HTC711-10-D-R026 )

APPEARANCE FOR THE APPELLANT: Malcolm L. Benge, Esq.
Zuckert, Scoutt & Rasenberger, L.L.P.
Washington, DC

APPEARANCES FOR THE GOVERNMENT: Jeffrey P. Hildebrant, Esq.
Air Force Deputy Chief Trial Attorney
Lt Col Damund E. Williams, USAF
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

Appellant seeks $258,506.11 for helicopter transportation services that it says it provided in Afghanistan in November 2013.

## FINDINGS OF FACT

In 2010, the parties contracted for appellant to provide approximately 50 helicopters for the transport of supplies, mail, and passengers in Afghanistan (R4, tab 3 at 1, 166, § 1.1). The contract provides:

> Each aircraft is allowed 6 days per month for scheduled/unscheduled maintenance (which equates to an 80% operational readiness rate). Each day the aircraft is Non Mission Capable (NMC) after the 6th day, payment will be prorated from the monthly fee. Proration will be calculated by dividing the monthly service rate by the number of days in the month and then multiplying this amount by the number of NMC days.... Any day an aircraft is not FMC [Fully Mission Capable] for carrier controlled reasons, no monthly service payment will be made for that day. *An airframe is not to be considered available unless both the airframe is FMC and the aircrew*

*is available as defined by the FAA* [Federal Aviation
Administration] *or comparable regulations.*

(*Id.* at 186, § 1.4.2 (emphasis added)) The unit price for contract line item numbers
(CLINs) 3002 and 3003 for November 2013 was $456,187 each, or $15,206.23 per
day ($456,187/30 days = $15,206.23/day) (R4, tab 4 at 648-50).

On June 30, 2014, appellant presented to the contracting officer a certified claim
for $440,980.77, saying that the government had failed to pay for 29 days of service
provided in November 2013 (3 days under CLIN 3002, and 26 days under CLIN 3003).
The claim did not identify the specific days for which appellant was seeking payment.
(R4, tab 22 at 1018-19) In a final decision on August 26, 2014, the contracting officer
awarded $30,412.36 under CLIN 3002 for November 2 and 5, 2013 (2 days), and
$152,062.30 under CLIN 3003 for November 1, 2, 9, 13, 14, 26, 27, 28, 29, and 30,
2013 (10 days), a total of $182,474.66 for 12 days (R4, tab 2 at 10). The contracting
officer based his determination upon a finding that, on those days, aircraft N391AL was
available under CLIN 3002, and aircraft N3897N was available under CLIN 3003,
respectively (*id.*).

Before the Board, appellant says that its aircraft were FMC on November 1, 2,
and 5, 2013, under CLIN 3002, and November 1, 2, 4-16, and 26-30, 2013, under
CLIN 3003, a total of 23 days (app. br. at 5-6 ¶¶ 13-14).* The difference between that
and the dates that the contracting officer credited appellant for consists of November 1,
2013, under CLIN 3002, and November 4-8, 10-12, and 15-16, 2013, under CLIN 3003,
a total of 11 days. We read appellant's brief to mean that the government has paid
$182,474.66 of the claim that appellant presented to the contracting officer, leaving
$258,506.00 unpaid (app. br. at 3, 7 ¶¶ 22, 19).

Appellant's contemporaneous situation reports for November 2013 indicate that
on November 1, 2013, aircraft N364FH (a model "S-61") was an operational spare for
N391AL, which was on that date NMC (more specifically, what appellant calls
"NMCM"); and that on November 4-8, 10-12, and 15-16, 2013, N364FH was an
operational spare for N3897N, which on those dates was NMC (more specifically, what
appellant calls "NMCS") (R4, tab 5 at 769, 773-77, 779-81, 784-85). However, those
same reports indicate that, on each of those days, appellant had fewer S-61 pilots than it
required. (The situation reports do not match any particular pilots with any particular
aircraft.) (*Id.*) For example, the situation report for November 1, 2013, indicates that
appellant required 14 S-61 pilots on that date (7 "PIC" (Pilots-in-Command) and
7 "SIC" (Seconds-in-Command)), but had only 10 pilots available (*id.* at 769; app.
br. at 12-13). In particular, appellant had only three SICs for the five S-61s listed on
the situation report for November 1, 2013 (R4, tab 5 at 769). As another example (there

---

* Appellant erroneously references 2017 for some of those dates (app. br. at 6 ¶ 14).

2

are, of course, others), the report for November 4, 2013 shows that appellant had only three SICs for the five S-61s listed (R4, tab 5 at 773).

<u>DECISION</u>

The question is whether appellant is entitled to payment for N364FH (an S-61 aircraft) as a spare for (1) N391AL on November 1, 2013, and (2) N3897N on November 4-8, 10-12, and 15-16, 2013, given that N391AL and N3897N were not FMC on those dates. The contract provides for payment for days an aircraft is FMC *and* the aircrew for the aircraft is available. Appellant cites its situation reports to establish that those elements are met (app. br. at 5-6 ¶¶ 10-14), but, as the government points out (gov't br. at 19, 21-28), those reports show that appellant did not have the number of S-61 pilots that it required on the days in question. The situation reports do not match particular pilots with particular aircraft, and we will not do so ourselves. *SKE Base Servs. Gmbh*, ASBCA No. 60101, 18-1 BCA ¶ 37,159 at 180,903 ("We won't do appellant's work for it."); *Essential Construction Co., Inc.*, ASBCA No. 18706, 89-2 BCA ¶ 21,632 at 108,833-34 (refusing "to become appellant's advocate"); *McCotter Motors, Inc.*, ASBCA No. 30498, 86-2 BCA ¶ 18,784 (Feb. 4, 1986) ("We decline to do appellant's work for it."); *VIZ Manufacturing Co.*, ASBCA No. 17787, 79-1 BCA ¶ 13,682 at 67,109 ("If appellant did not have enough time for proper briefing, that is no one's fault but its own.").

Appellant's own analysis of its aircrew availability situation is not persuasive. Appellant does not address the S-61 pilot shortage that the situation reports evidence, and, although it attaches charts to its opening and reply briefs, cites no evidence in support of its analysis, including the charts (app. br., attach. C; app. reply br. at 18-20, attach. B). We conclude that because of a shortage of S-61 pilots on November 1, 4-8, 10-12, and 15-16, 2013, appellant is not entitled to any additional compensation for those days. Appellant focuses on a question that in view of this conclusion we need not answer: whether "aircraft and pilots were required to be co-located in order for the aircraft to be deemed FMC for payment purposes" (app. br. at 15). Regardless of whether the contract required such co-location, appellant does not explain why the situation reports are not fatal to its claim to additional compensation, nor does it cite any contemporaneous evidence to counter our conclusion that the situation reports evidence pilot shortages for the days at issue.

3

CONCLUSION

The appeal is denied.

Dated: October 29, 2019

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59708, Appeal of AAR Airlift Group, Inc., rendered in conformance with the Board's Charter.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4